OPINION
{¶ 1} Defendant-appellant, Dwayne Wells, appeals the decision of the Butler County Court of Common Pleas adjudicating him a sexual predator. For the reasons set forth below, we affirm the trial court's decision.
 {¶ 2} On June 29, 2005, appellant was indicted on ten second-degree felony counts of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(1), and ten fourth-degree felony counts of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(5). These charges arose after investigating officers uncovered volumes of sexually explicit material at appellant's residence. Among the material discovered were photographs and videos depicting minors as young as six years old engaging in sexual acts with adult males.
 {¶ 3} Appellant entered a plea of guilty to five counts of pandering sexually oriented matter in violation of R.C. 2907.322(A)(1), and five counts of pandering sexually oriented matter in violation of R.C.2907.322(A)(5). Thereafter, on March 9, 2006, the trial court conducted a sexual predator classification hearing, during which both the state and appellant offered expert reports discussing appellant's likelihood of recidivism. Both the state and appellant were also afforded an opportunity to present any additional facts or evidence to the court during the hearing.
 {¶ 4} The trial court considered factors, including appellant's prior criminal record, the youthful age of the victims, the fact there were multiple victims, appellant's pattern of abuse involving multiple victims, the chronic nature of appellant's activities and appellant's admitted attraction to female children, and found clear and convincing evidence of appellant's likelihood of engaging in the future in one or more sexually oriented offenses. As a result, the trial court classified appellant a sexual predator and thereafter sentenced him accordingly. Appellant appeals the trial court's decision classifying him as a sexual predator, raising a single assignment of error.
 {¶ 5} "THE EVIDENCE WAS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT [APPELLANT] "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES (SIC) AND THE TRIAL COURT'S FINDING THAT [APPELLANT] IS A SEXUAL PREDATOR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 6} In his sole assignment of error, appellant argues that the state failed to present sufficient evidence to warrant a sexual predator determination, and that the trial court failed to adequately discuss the requisite statutory factors on the record during the sexual predator classification hearing. Appellant further argues that the trial court's sexual predator determination is against the manifest weight of the evidence. We find both challenges to be without merit.
 {¶ 7} We begin our analysis with appellant's sufficiency of the evidence argument. A sexual predator is defined under R.C. 2950.01(E) as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. In this case, it is undisputed that appellant pleaded guilty to a total of ten felony counts of pandering sexually oriented matter involving a minor. Five of these counts involved violations of R.C. 2907.322(A)(1), expressly included in the definition of sexually oriented offense under R.C. 2950.01(D). Accordingly, the sole issue before the trial court in determining whether appellant is a sexual predator was his likelihood of engaging in the future in one or more sexually oriented offenses.
 {¶ 8} The Ohio General Assembly has established a non-exhaustive set of factors to guide a trial court in making this determination, embodied in R.C. 2950.09(B)(3). Such factors include "the ages of the offender and victim, whether multiple victims or patterns of abuse were involved, prior offenses and any mental illnesses of the offender, whether the act was cruel or involved drugs or alcohol to impair the victim, and any other behavioral characteristics that contributed to the conduct." SeeState v. Wyant, Madison App. No. CA2003-08-029, 2004-Ohio-6663. The weight to be given each of these factors is within the trial court's discretion. See State v. Ruhlman, Butler App. No. CA2005-05-125,2006-Ohio-2137. Accordingly, a trial court is permitted to rely upon one factor more than another in making its determination, and need not find that the evidence submitted supports a majority of these factors. SeeState v. Boshko (2000), 139 Ohio App.3d 827, 840. Significantly, a single conviction may support a sexual predator determination in certain cases. Id.
 {¶ 9} After reviewing these factors together with the evidence and testimony presented by the parties, the trial court must determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(B)(4). Clear and convincing evidence constitutes a measure or degree of proof greater than a mere preponderance, but less than the certainty required for a finding of beyond a reasonable doubt in a criminal case. See State v. Eppinger, 91 Ohio St.3d 158, 164,2001-Ohio-247. In reviewing a decision based upon the clear and convincing evidence standard, a reviewing court "must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof." See State v. Cook, 149 Ohio App.3d 422, 431,2002-Ohio-4812.
 {¶ 10} In this case, the trial court allowed both the state and appellant to admit into evidence the reports of their respective evaluating psychologists. The state's psychologist, Dr. Bobbi Hopes, opined that appellant presented a moderate to high range of recidivism based upon his history and the nature of his offenses. Appellant's own psychologist, Dr. Michael Borack, opined that appellant presented a low range of recidivism provided that appellant complete a sex offender specific counseling program.
 {¶ 11} The trial court also afforded both the state and appellant an opportunity to present any additional facts or arguments to the court during appellant's sexual predator status and disposition hearing. The state specifically requested that the trial court consider the volume of pornography found at appellant's residence, as well as the chronic nature of appellant's conduct, in determining whether to classify him a sexual predator. Appellant, in turn, emphasized to the court that not all of the pornographic matter found at his residence involved children, and that he was amenable to psychological counseling.
 {¶ 12} In classifying appellant a sexual predator, the trial court considered the presentence investigation report, which recounted the details of the offenses in question. Specifically, the court noted that two young girls identified appellant as having commented on their dancing and stating that he would like to have them in his movies. One young girl recalled appellant making sexually oriented comments toward her and seeing images of naked girls clearly under the age of 18 on appellant's computer while inside his residence. Additionally, the court noted the sheer volume of pornographic material collected by appellant, a large portion of which involved children as young as six years old, which appellant accumulated over an extensive period of time. Finally, the court considered the psychological evaluations contained in the reports offered by both the state and appellant, placing great weight upon the report of Dr. Hopes.
 {¶ 13} The record demonstrates that the trial court properly considered the relevant statutory factors in light of the evidence before it in determining appellant to be a sexual predator. The trial court expressly identified appellant's prior criminal record, the youthful ages of the victims involved, the fact there were multiple victims involved and the pattern of abuse involving multiple victims on the record during appellant's sexual predator status and disposition hearing. Further, the court emphasized that the vast majority of the pornography uncovered at appellant's residence involved children, and that appellant admitted to possessing a sexual attraction toward female children. The trial court determined Dr. Hopes' report to be credible in its conclusion that appellant presented a "moderate to high" risk of recidivating. Based upon the foregoing, the trial court concluded that clear and convincing evidence supports the classification of appellant as a sexual predator. We find sufficient evidence supports the trial court's determination.
 {¶ 14} With respect to appellant's argument regarding the weight of the evidence, we similarly find such challenge to be without merit. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." See Ruhlman, 2006-Ohio-2137 at ¶ 5. A reviewing court "will not disturb a trial court's determination of a sexual predator as being against the manifest weight of the evidence if reasonable minds could arrive at the conclusion reached by the trier of fact." Id. at ¶ 44. Accordingly, "if there is competent, credible evidence to support the factual findings of the trial court, we review only whether, after weighing the evidence and resolving the evidentiary conflicts and issues of credibility, the trial court properly applied the governing law to those factual findings." Id.
 {¶ 15} As stated, a trial court may only classify an offender a sexual predator upon clear and convincing evidence that the offender satisfies both parts of the definition provided in R.C. 2950.01(E). In this case, appellant satisfies both definitional requirements, having pleaded guilty to five counts of a sexually oriented offense, and having been found likely to engage in the future in one or more sexually oriented offenses. We have already determined that the trial court based its conclusion regarding appellant's likelihood of engaging in the future in one or more sexually oriented offenses on sufficient evidence after properly considering the relevant statutory factors. Therefore, we find the trial court's determination is not against the manifest weight of the evidence. Accordingly, appellant's sole assignment of error is overruled.
 {¶ 16} Judgment affirmed.
WALSH and YOUNG, JJ., concur.