OPINION
{¶ 1} Defendant-appellant, Jerry Miller, appeals the decision of the Preble County Court of Common Pleas adjudicating him a sexual predator.[1]
 {¶ 2} In September 2005, appellant was indicted on one count of sexual battery, a felony of the third degree, in violation of R.C.2907.03(A)(5). The events giving rise to the indictment occurred between January 2004 and May 2005 during which appellant, then in his *Page 2 
early 50's, repeatedly engaged in sexual conduct with a teenage step-granddaughter. At the times of the incidents, the victim was in the care and custody of her grandmother, appellant's wife.
 {¶ 3} Appellant pled guilty as charged. On April 7, 2006, the trial court held a sexual offender classification hearing during which both the state and appellant stipulated to a court-ordered sexual predator report prepared by a clinical psychologist. The report was admitted by the trial court as a joint exhibit. Although they had an opportunity to do so, neither the state nor appellant presented additional evidence to the court during the hearing. At the conclusion of the hearing, and by judgment entry filed on April 10, 2006, the trial court classified appellant as a sexual predator. The trial court subsequently sentenced appellant to 12 months in prison.[2] Appellant appeals the decision of the trial court adjudicating him a sexual predator, raising a single assignment of error:
 {¶ 4} "THE EVIDENCE PRESENTED WAS INSUFFICIENT TO CLASSIFY APPELLANT AS A SEXUAL PREDATOR AND THE COURT FAILED TO STATE ON THE RECORD THE FACTORS IT CONSIDERED AT THE HEARING AND FAILED TO STATE ON THE RECORD THE CLASSIFICATION WAS BY CLEAR AND CONVINCING EVIDENCE."
 {¶ 5} A sexual predator is defined in R.C. 2950.01(E) as a person who has been convicted of or pleaded guilty to committing a sexual oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Appellant pled guilty to one count of sexual battery in violation of R.C. 2907.03(A)(5). A violation of R.C. 2907.03 is expressly *Page 3 
included in the definition of sexually oriented offenses under R.C.2950.01(D)(1)(a). Accordingly, the sole issue before the trial court in determining whether appellant is a sexual predator was his likelihood of engaging in the future in one or more sexually oriented offenses.
 {¶ 6} In determining an offender's likelihood of recidivism, a trial court must consider all relevant factors, including those listed in R.C.2950.09(B)(3).[3] Such factors include the ages of the offender and victim; the offender's prior criminal record regarding all offenses, including sexual offenses; any mental illnesses or mental disabilities of the offender; the nature of the offender's sexual conduct with the victim and whether the sexual conduct was part of a demonstrated pattern of abuse; and any other behavioral characteristics that contributed to the conduct. The weight to be given each of the factors listed in R.C.2950.09(B)(3) is within the trial court's discretion. State v.Wells, Butler App. No. CA2006-03064, 2007-Ohio-42, ¶ 8. Accordingly, a trial court can rely upon one factor more than another in making its determination, and need not find that the evidence submitted supports a majority of these factors. Id.
 {¶ 7} After reviewing these factors together with the evidence and testimony presented by the parties, the trial court must determine by clear and convincing evidence whether the offender is a sexual predator. Id. at ¶ 9; R.C. 2950.09(B)(4). Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. * * * It does not mean clear and unequivocal." State v.Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247. *Page 4 
 {¶ 8} Appellant first argues that the trial court erred in determining he was a sexual predator without stating on the record the factors it considered at the hearing, in violation of R.C. 2950.09(B)(3).
 {¶ 9} R.C. 2950.09(B)(3) provides that in determining whether an offender is a sexual predator, the trial court "shall consider all relevant factors," including those listed in R.C. 2950.09(B)(3). Neither R.C. 2950.09(B)(3) nor R.C. 2950.09(B)(4) require a trial court to state on the record the factors it considered in making its determination. As the Ohio Supreme Court stated in State v. Cook, 83 Ohio St.3d 404,1998-Ohio-291, "[t]he statute does not require the court to list the criteria, but only to `consider all relevant factors, including' the criteria in R.C. 2950.09(B)(2) in making [its] findings." Id. at 426.
 {¶ 10} In Eppinger, "believ[ing] that trial courts, prosecutors, and defense attorneys should adhere to some basic standards to meet the criteria required in an R.C. 2950.09 hearing," the Ohio Supreme Court "adopt[ed] [a] model procedure for sexual offender classification hearings[.]" Eppinger, 91 Ohio St.3d at 166. The supreme court explained that in "a model sexual offender classification hearing, there are essentially three objectives," to wit:
 {¶ 11} "First, it is critical that a record be created for review. Therefore, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses. * * * Second, an expert may be required * * * to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. Therefore, either side should be allowed to present expert opinion by testimony or written report[.] * * * *Page 5 
 {¶ 12} "Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. * * * We are cognizant of our statement in [Cook] that R.C. 2950.09 does not require the court to list all criteria, but only to consider all relevant factors in making its findings. * * * However, we also noted inCook that the sexual offender classification hearing in that case was not a model hearing. * * * Therefore, we are suggesting standards for the trial courts that will aid the appellate court in reviewing the evidence on appeal and ensure a fair and complete hearing for the offender." Id. at 166-167 (citations omitted).
 {¶ 13} We note that some Ohio appellate courts have held thatEppinger does not require a trial court to discuss on the record the evidence and factors it relies upon in making its determination. SeeState v. Gibson, Washington App. No. 01CA19, 2002-Ohio-5232 (finding that since Eppinger used the word "should" instead of "required,"Eppinger did not overrule Cook and does not require a trial court to discuss on the record the particular evidence and factors it relied upon in making its determination); State v. Ross, Summit App. Nos. 22447 and 22598, 2005-Ohio-5189 (finding that Eppinger only discusses a model hearing and does not require trial courts to take the steps listed inEppinger); State v. Jordan, Lucas App. No. L-02-1270, 2003-Ohio-3428 (finding that the Eppinger model hearing was not "an immutable requirement").
 {¶ 14} In the case at bar, the trial court briefly discussed some of the evidence it relied upon. It did not discuss or refer to the factors it relied upon either on the record or in the judgment entry[4]. By the same token, however, because the trial court stated a rationale, the *Page 6 
hearing was not as prejudicial as in other cases. See, e.g., State v.Jones, Montgomery App. No. 19355, 2003-Ohio-3240 (the trial court found Jones to be a sexual predator solely "based upon the Court Exhibits that the Court has reviewed and all the reports contained as a result of that"); State v. Othberg, Cuyahoga App. No. 83342, 2004-Ohio-6103 (in finding Othberg to be a sexual predator, the trial court merely stated: "in regard to the House Bill 180 hearing, I'm going to find that the Defendant is a sexual predator based upon clear and convincing evidence"); State v. Carpenter, Lucas App. No. L-04-1195, 2005-Ohio-6133
("Based upon the report and the evidence before the Court, the Court will find the defendant is a sexual predator, designate him as such").
 {¶ 15} Upon reviewing the record, we find that the hearing met the objectives set forth in Eppinger, including our ability on appeal to properly review the substance of the trial court's determination. The trial court did discuss on the record the particular evidence it relied upon. The trial court also clearly indicated it had reviewed the expert report. The report, which was stipulated by both parties and admitted as a joint exhibit, provided a detailed section by section analysis of the R.C. 2950.09(B)(3) factors. Thus, although the trial court did not explicitly discuss on the record the factors it considered, the record clearly shows it did consider the factors set forth in R.C.2950.09(B)(3). Appellant's first argument is accordingly without merit. But see, contra, State v. Rogers, Van Wert App. No. 15-03-10, 2004-Ohio531, citing State v. Randall (2001), 141 Ohio App.3d 160 (a trial court is required to provide a general discussion of the factors and must reference the relevant factors in the judgment entry or on the record).
 {¶ 16} Next, appellant argues that the trial court violated R.C.2950.09(B)(4) by not stating on the record that its determination that appellant is a sexual predator was based upon clear and convincing evidence.
 {¶ 17} R.C. 2950.09(B)(4) provides in pertinent part that "[a]fter reviewing all testimony *Page 7 
and evidence presented at the hearing * * * and the factors specified in [R.C. 2950.09(B)(3)], the court shall determine by clear and convincing evidence whether the subject offender * * * is a sexual predator." Contrary to appellant's assertion, R.C. 2950.09(B)(4) does not require a trial court to state at the time of the hearing that its findings were to a clear and convincing evidence standard. As the supreme court stated in Cook, "[a]lthough the trial judge did not state that his findings were to a `clear and convincing standard,' we presume that the judge followed the law." Cook, 83 Ohio St.3d at 426. Nothing in the record suggests that this presumption can be rebutted. In addition, we note that in its judgment entry adjudicating appellant as a sexual predator, the trial court did find appellant to be a sexual predator by clear and convincing evidence. Appellant's second argument is therefore without merit.
 {¶ 18} Finally, appellant argues that the evidence before the trial court was insufficient to warrant a sexual predator determination.
 {¶ 19} In reviewing a decision based upon the clear and convincing evidence standard, a reviewing court "must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof." Cook at 431.
 {¶ 20} The record shows that appellant, who was in his early 50's, repeatedly engaged in sexual conduct with the teenage victim for over 16 months. At the time of the incidents, the victim was in the care and custody of her grandmother, appellant's wife. Appellant thus held a position of trust and authority over the victim. Before the trial court was the expert report stipulated to by both the state and appellant and admitted as a joint exhibit. The report summarizes appellant's history as reported by appellant, gives the results of the Static-99, "an actuarial instrument designed to assist in the prediction of sexual and violent recidivism for individuals charged with at least one sex offense," and provides a section by section analysis of the R.C.2950.09(B)(3) factors as applied to appellant.
 {¶ 21} The report concluded that although appellant had scored a "1" on the Static-99, *Page 8 
placing him in the low range of recidivism, other factors indicated that this score underrepresented appellant's risk of recidivism. These factors included appellant's minimization of his behavior and his tendency to blame the victim for the sexual relationship, his lack of insight, his tendency to portray himself as a victim despite his admission he had intercourse with the victim twice, his lack of remorse, and his lack of empathy for the victim. Specifically, the report stated that according to appellant, the victim came on to him and pursued him, would reach under the cover and grab him when he would be laying down watching television, and that "[he] never went through nothing before like this * * * and [he] shouldn't have to do this now[;] * * * [i]f anybody should be sitting in here (being evaluated) it should be her."
 {¶ 22} With regard to the R.C. 2950.09(B)(3) factors, the report also noted (1) appellant's prior convictions for carrying a concealed weapon, driving under the influence, and aggravated menacing; (2) appellant's failure to participate in a sexual offender treatment program; (3) appellant's limited intellectual functioning which likely contributed to his lack of insight and lack of empathy for the victim; and (4) the fact that while appellant claimed he had sexual intercourse with the victim only twice, the evidence indicated he engaged in a pattern of behaving in a sexually inappropriate manner with the victim for a long period of time. Finally, the report noted that although appellant denied having any type of sexual relationship with any other minor, the evidence indicated he may have sexually offended another minor female relative several years ago but was not charged in that incident.
 {¶ 23} Based upon the foregoing, the trial court determined by clear and convincing evidence that appellant is likely to engage in the future in one or more sexually oriented offenses. We find that sufficient evidence supports that determination. The trial court, therefore, did not err by adjudicating appellant a sexual predator. The assignment of error is overruled. *Page 9 
 {¶ 24} Judgment affirmed.
POWELL, P.J. and BRESSLER, J., concur.
[1] Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar.
[2] We note that the sentencing entry erroneously advised appellant "that post release control is optional in this case up to a maximum of three years." R.C. 2967.28(B)(1) provides that a period of post-release control "shall be" five years for a felony sex offense. A "felony sex offense" is a violation of a section in R.C. Chapter 2907 that is a felony. R.C. 2967.28(A)(3). Because appellant was convicted of sexual battery, a felony sex offense, the sentencing entry should have notified him that upon release from prison, he would be subject to amandatory five year post-release control. However, this issue was not raised on appeal and is therefore not before us.
[3] R.C. 2950.09 was amended effective January 1, 2002. The factors presently listed in division (B)(3) were previously listed in division (B)(2). Thus, references by the Ohio Supreme Court to division (B)(2) corresponds to recodified division (B)(3) in R.C. 2950.09. See State v.Eppinger, 91 Ohio St.3d 158, 2001-Ohio-247; State v. Cook,83 Ohio St.3d 404, 1998-Ohio-291.
[4] We note that in its brief, the state argues that the trial court discussed appellant's efforts in minimizing his conduct and his tendency to blame the victim, the age difference between appellant and the victim, and the familial relationship between the two. However, those reasons were provided during the sentencing hearing, not during the sexual offender classification hearing. *Page 1