OPINION
{¶ 1} Defendant-appellant, Rutledge Ray Harper, Jr., appeals his classification as a sexual predator, after his conviction for unlawful sexual conduct with a minor. We affirm the trial court's decision.
 {¶ 2} On September 28, 2005, appellant, a 20-year-old male, was indicted on one count of unlawful sexual conduct with a minor between the ages of 13 and 16 years old in violation of R.C. 2907.04(A). On February 3, 2006, appellant entered, and the trial court *Page 2 
accepted, a guilty plea to this charge pursuant to a plea agreement. At that time, the trial court ordered a sexual offender assessment. Appellant later requested a second assessment, which the trial court granted.
 {¶ 3} On May 12, 2006, the trial court conducted a sentencing and sexual classification hearing. The trial court indicated that it had reviewed the presentence investigation reports and the reports filed by Dr. Bobbi Hopes and Dr. Kara Marciani following their separate sexual offender assessments, and the doctors' reports were admitted as evidence, without objection by either party. Neither the state nor appellant offered any additional evidence. After considering all the evidence presented, the trial court found appellant to be a sexual predator pursuant to R.C. 2950.05. Appellant moved the court to reconsider its decision, and the trial court denied his motion. Appellant appeals the trial court's decision classifying him a sexual predator, raising the following assignment of error:
 {¶ 4} "THE TRIAL COURT ERRED IN CLASSIFYING MR. HARPER A SEXUAL PREDATOR."
 {¶ 5} A sexual predator is defined in R.C. 2950.01(E) as a person who has been convicted of or pleaded guilty to committing a sexually-oriented offense, that is not registration-exempt, and is likely to engage in the future in one or more sexually-oriented offenses. Appellant pleaded guilty to committing R.C. 2907.04(A), which is a sexually-oriented offense, not registration exempt, pursuant to R.C. 2950.01(D)(1)(b)(i). Accordingly, the sole issue before the trial court in determining whether appellant is a sexual predator was his likelihood of committing one or more sexually-oriented offenses in the future.
 {¶ 6} In determining an offender's likelihood of recidivism, a trial court must consider all relevant factors, including those listed in R.C.2950.09(B)(3). These factors include: the ages of the offender and victim; the offender's prior criminal record regarding all offenses, including sexual offenses; any mental illnesses or mental disabilities of the offender; the *Page 3 
nature of the offender's sexual conduct with the victim and whether the sexual conduct was part of a demonstrated pattern of abuse; and any other behavioral characteristics that contributed to the conduct.State v. Miller, Preble App. No. CA2006-05-011, 2007-Ohio-784, ¶ 6; R.C.2950.09(B)(3).
 {¶ 7} The weight to be given the factors in R.C. 2950.09(B)(3) is within the trial court's discretion. State v. Wells, Butler App. No. CA2006-03-064, 2007-Ohio-42, ¶ 8. Accordingly, a trial court can rely upon one factor more than another in making its determination, and need not find that the evidence submitted supports a majority of these f actors. Id.; Miller at ¶ 6.
 {¶ 8} After reviewing these factors together with the evidence and testimony presented by the parties, the trial court must determine by clear and convincing evidence whether the offender is a sexual predator.Wells at ¶ 9; Miller at ¶ 7; R.C. 2950.09(B)(4). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." State v. Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 9} According to the record, the trial court admitted into evidence the reports of Dr. Hopes and Dr. Marciani, which included multiple objective testing methods. Dr. Hopes concluded that appellant presents a moderate risk of committing one or more sexually-oriented offenses, and Dr. Marciani concluded that appellant presents a moderate to high risk of committing one ore more sexually-oriented offenses.
 {¶ 10} In addition, the trial court considered the presentence investigation report, which described the details of the offense, and the factors listed in R.C. 2950.09(B). In *Page 4 
discussing these factors, the court noted appellant's lengthy criminal history, including the fact that appellant has not previously committed a sexually-oriented offense. After weighing the factors, and in considering the other evidence, the court found appellant was likely to commit one or more sexually-oriented offenses in the future, and classified appellant a sexual predator.
 {¶ 11} After reviewing the record, we find that the trial court properly considered the statutory factors required for classifying an offender a sexual predator, and find that the record contains clear and convincing evidence to support the trial court's classification of appellant as a sexual predator. Appellant argues that he should not have been classified a sexual predator, because he has committed only one sexually-oriented offense. However, an offender may be classified a sexual predator after committing a single sexually-oriented offense, as long as the record contains clear and convincing evidence that the offender is likely to commit sexually-oriented offenses in the future. See State v. Boshko, 139 Ohio App.3d 827, 840; State v. Nicholas (Apr. 6, 1998), Warren App. Nos. CA97-05-045, et al.
 {¶ 12} Further, we disagree with appellant's argument that the trial court placed undue emphasis on the results of appellant's Static-99 evaluation. According to the record, the trial court indicated that it considered all of the evidence submitted, including the various testing methods used by the doctors, the presentence investigation report, and the parties arguments at the hearing. While the court may have placed more emphasis on some aspects of the evidence in reaching its decision, it was in the trial court's discretion to do so.
 {¶ 13} Likewise, we disagree with appellant's argument that the trial court's finding that he is likely to commit future sexually-oriented offenses is inconsistent with its finding that appellant is amenable to community control. A sexual predator classification and community control sentence are separate and distinct, and the trial court is required to consider different factors for each. See R.C. 2950.09; R.C.2929.12. Accordingly, a trial court may find that *Page 5 
certain factors demonstrate a likelihood of committing future sexually-oriented offenses and still find that the offender can benefit from a period of community control. In this case, while the trial court found that appellant was likely to reoffend, it ordered that appellant successfully complete a sex offender program and undergo one year of intensive supervised probation, submit to drug and alcohol treatment and monitoring, abide by a curfew, and obtain full-time employment as conditions of his five-year community control sentence. We do not find, as appellant states, that this sentence undermines the trial court's previous finding that appellant is likely to commit sexually-oriented offenses in the future.
 {¶ 14} Judgment affirmed.
 YOUNG, P.J., and WALSH, J., concur. *Page 1