OPINION
{¶ 1} Defendant-appellant, Paul W. Dotson, appeals the decision of the Preble County Court of Common Pleas convicting him of importuning and possession of criminal tools, and adjudicating him a sexual predator. We affirm the decision of the trial court.
 {¶ 2} On December 4, 2006, appellant was indicted on one count of importuning, a fifth-degree felony in violation of R.C. 2907.07(D)(2); one count of possessing criminal tools, a *Page 2 
fifth-degree felony in violation of R.C. 2923.24(A); and one count of attempted unlawful sexual conduct with a minor, a fifth-degree felony in violation of R.C. 2923.02(A). The indictment stemmed from an attempted sexual encounter between appellant, a 35-year-old male, and his intended victim "Briannah," a 14-year-old female, who was in fact a law enforcement officer posing as a teenager online after a series of communications made between the two from November 2, 2006 to November 21, 2006.
 {¶ 3} After an initial plea of not guilty to all three counts, appellant pled guilty to importuning and possessing criminal tools on July 30, 2007.[1] At the plea hearing, the trial court discussed the nature of the crimes appellant was pleading guilty to, along with their maximum penalties; the terms of post-release control and the ramifications of any violations of the conditions of that control; and the fact appellant was both admitting his guilt and waiving his rights guaranteed by the constitution. Finally, appellant signed a written waiver which explained his rights, his plea, and post-release control.
 {¶ 4} Prior to sentencing, the trial court ordered appellant to submit to a psychological evaluation to assist the court in its determination of appellant's status as a sexual predator. On October 26, 2007, at the final disposition and sexual predator hearing, the trial court found there was clear and convincing evidence that appellant was likely to re-offend and adjudicated appellant a sexual predator. The trial court also explained appellant's responsibilities in regards to that classification and what the penalties could be if its terms were violated. Lastly, the court sentenced appellant to four years of community control and 120 days in jail with eight days of credit for time served. Appellant was also ordered to pay a $500 fine and court costs. Appellant now appeals his conviction and the court's decision to adjudicate him a sexual predator by raising four assignments of error. *Page 3 
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED WHEN IT FAILED TO COMPLY WITH CRIMINAL RULE 11(C)(2)(a) IN THAT IT FAILED TO DETERMINE WHETHER OR NOT THE DEFENDANT WAS MAKING HIS PLEA VOLUNTARILY AND WITH THE UNDERSTANDING OF THE NATURE OF THE CHARGES AND OF THE MAXIMUM PENALTY INVOLVED."
 {¶ 7} In his first assignment of error, appellant argues his guilty plea was not knowingly, intelligently, and voluntarily made because the court failed to inform him of the nature of the charge and the consequences arising from it, as required by Crim. R. 11(C)(2)(a). We find no merit to this argument.
 {¶ 8} A defendant's guilty plea must be made knowingly, intelligently, and voluntarily. State v. Engle, 74 Ohio St.3d 525, 527 1996-Ohio-179. Furthermore, the procedure for a court's acceptance of a guilty plea is clearly laid out within Rule 11(C)(2). State v. Todd, Clermont App. No. CA2003-02-012, 2003-Ohio-6786, ¶ 6. The relevant portion of Crim. R. 11(C)(2)(a) requires that a court "shall not accept a plea of guilty * * * without first addressing the defendant personally and * * * determining that the defendant is making the plea voluntarily, with [an] understanding of the nature of the charges and of the maximum penalty involved * * *."
 {¶ 9} In order to conform to the requirements of Rule 11(C), a court, "need only substantially comply with the requirements of Crim. R. 11 that involve the waiver of nonconstitutional rights." Todd at ¶ 11, citingState v. Ballard (1981), 66 Ohio St.2d 473, 476 and State v.O'Connor, Butler App. No. CA2001-08-195, 2002-Ohio-4122, ¶ 37. Substantial compliance requires the court to determine under a totality of the circumstances that the *Page 4 
defendant subjectively understood the implications of his plea and the rights he waived.[2] State v. Nero (1990), 56 Ohio St.3d 106, 108. "[T]here is no easy or exact way * * * to determine what someone subjectively understands. If the defendant receives the proper information, then we can ordinarily assume that he understands that information." State v. Carter (1979), 60 Ohio St.2d 34, 38.
 {¶ 10} The trial court is not required to explain the various elements of the offense; however it may be called upon to clarify any misunderstanding on the part of the defendant where the defendant indicates confusion with regards to the charges. State v.Fitzpatrick, 102 Ohio St.3d 321, 2004-Ohio-3167, ¶ 57, 61. There is however, no requirement that a court enter into a discussion with a defendant or defendant's counsel to ensure there is an understanding where no uncertainty is otherwise indicated.
 {¶ 11} While it is preferable that the court read the indictment into the record, and ask defense counsel if he explained the offense[s] to his client, or, at the very least, obtained other affirmative representations from the defendant of an understanding of the nature of the charges, these are by no means the only ways by which "substantial compliance" can be ensured. See State v. Wilson (Jan. 25, 1999), Fayette App. No. CA98-05-006, at 12-14. Instead, as noted previously, this court must look to the totality of circumstances to find substantial compliance and a showing that appellant made a knowing, intelligent, and voluntary plea.
 {¶ 12} Here, the court substantially complied with the requirements set forth in Crim. R. 11(C)(2)(a). The record shows that appellant's guilty plea was part of a plea agreement which had been discussed between appellant and his attorney off the record prior to court. Indeed, *Page 5 
appellant's attorney affirmed on the record that the prosecutor was correct in its recitation of the agreement reached between appellant and the state.
 {¶ 13} The court stated the charge and the Revised Code section number and penalty, then asked whether appellant understood the nature of the crime charged and the maximum penalty involved. Appellant replied unequivocally that he understood. No hesitation was noted, nor did appellant indicate that he was confused regarding the nature of the offenses or their penalties. In addition, at all times, appellant's attorney was present in the courtroom to correct and/or explain any questions that appellant may have had with regards to the nature of the charges and the penalties involved.
 {¶ 14} Finally, appellant acknowledged his waiver and plea in a written plea agreement which clearly laid out all of the requirements of Crim. R. 11(C) and specifically noted in the first paragraph that, "[a]fter being fully informed by my counsel and by the Court of the charge against me, of the penalty provided by law, and of my Constitutional rights, I give up and reject my rights." The court also noted that appellant signed the waiver and stated its belief that the pleas were both knowing and voluntary.
 {¶ 15} Appellant argues that the penalty description in count two was confusing because the court stated the penalty was, "12 months" instead of "12 months in prison." We note that the preceding statement on count one was the exact same penalty of "12 months in prison" and the court linked the previous statement with the word "likewise" which would indicate to the listener that he was saying the penalty was the same. Appellant had no questions then, and because his attorney was present at all times, appellant would have been able to express any confusion he had at the time the statement was made.
 {¶ 16} Accordingly, we find that based on the totality of the circumstances the court of common pleas substantially complied with Crim. R. 11(C)(2)(a) and that appellant subjectively understood the repercussions of his guilty pleas and the rights he was waiving. We therefore *Page 6 
overrule appellant's first assignment of error.
 {¶ 17} Assignment of Error No. 2:
 {¶ 18} "THE TRIAL COURT ERRED WHEN IT FAILED TO COMPLY WITH CRIMINAL RULE 11(C)(2)(b)."
 {¶ 19} Appellant's second assignment of error alleges the trial court failed to act in accordance with Crim. R. 11(C)(2)(b) when it did not inform him of the registration and reporting requirements that could be imposed when he pled guilty to the crime of importuning. We find no merit to this argument.
 {¶ 20} Pursuant to Crim. R. 11(C)(2)(b), a court "shall not accept a plea of guilty * * * without first addressing the Defendant personally and * * * informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * * and that the court, upon acceptance of the plea, may proceed with judgment and sentence." The term "effect of [a] plea of guilty" is defined by Crim. R. 11(B)(1) as: "a complete admission of the defendant's guilt." The Ohio Supreme Court held that, "to satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim. R. 11(B)." State v. Jones,116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 25.
 {¶ 21} "The right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and therefore is subject to review under a standard of substantial compliance." State v.Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12. As previously discussed, substantial compliance may be shown from a totality of the circumstances that the defendant subjectively understands the implications of his plea and the rights he is waiving. Nero,56 Ohio St.3d at 108.
 {¶ 22} The record clearly reflects the following dialogue:
 {¶ 23} "The Court: When you plead guilty you are admitting your guilt and you are *Page 7 
waiving your constitutional rights * * *.
 {¶ 24} "* * * Now, do you understand that when you enter these pleas, you are admitting your guilt and waving those rights.
 {¶ 25} "Mr. Dotson: Yes, your honor."
 {¶ 26} While the court did not use the word "complete" in its dialogue, the record shows that the statement did reflect the definition of Crim. R. 11(B). The court stated the plea was an admission of guilt and appellant responded to the court's statement with an affirmation of understanding. There is no indication that appellant failed to understand the meaning of the effect of the pleas he made. Therefore, the court substantially complied with the requirements of Crim. R. 11(C)(2)(b).[3]
 {¶ 27} Appellant next argues that the word "effect" should be given a broader meaning, and suggests that the word equate to all possible consequences or ramifications of a defendant's plea, including the possibility of being classified under the R.C. Chapter 2950 as a sexually oriented offender; a habitual sex offender; or a sexual predator. This court will not expand the requirements of Crim. R. 11(C)(b)(2) beyond the parameters established by law.
 {¶ 28} Appellant seems to suggest that the classification and registration, and all of the other attendant circumstances involved with the process under R.C. Chapter 2950, should be made known to the defendant prior to accepting a plea of guilty under Crim. R. 11(C). Before accepting a guilty plea, courts are not obligated under Crim. R. 11(C)(2) to explain the registration and reporting requirements pursuant to R.C. Chapter 2950, because they are remedial and not punitive in nature. State v. Isaac, Greene App. No. CA03-CA-91, 2004-Ohio-4683, ¶ 33; see also, State v. Nelson (Dec. 29, 1997), Clermont App. No. CA96-09-077, at 3 *Page 8 
at 3 (holding the classifications provisions and attendant registration, verification, and community notification requirements of R.C. Chapter 2950 do not constitute punishment). Indeed, the Supreme Court of Ohio noted that R.C. Chapter 2950 was never meant to punish a defendant, instead it was created "to protect the safety and general welfare of the people of this State." State v. Eppinger, 91 Ohio St.3d 158, 165,2001-Ohio-247.
 {¶ 29} The court of common pleas was neither required nor obligated to inform appellant of the registration and reporting requirements that could be imposed when appellant pled guilty to he crime of Importuning. Since there was substantial compliance with Crim. R. 11(C)(2)(b), we overrule appellant's second assignment of error.
 {¶ 30} Assignment of Error No. 3:
 {¶ 31} "THE TRIAL COURT ERRED WHEN IT FAILED TO COMPLY WITH THE REQUIREMENTS OF R.C. 2943.032 ENTITLED, "ADVICE AS TO POSSIBLE EXTENSION OF PRISON TERM."
 {¶ 32} In his third assignment of error, appellant contends the trial court violated the obligations under R.C. 2943.032(D) and (E) when it did not inform him that the sentence included automatic extensions by the Parole Board, and that sanctions during post-release control could result in a new prison term. We find no merit to appellant's argument.
 {¶ 33} Under the still relevant portions of R.C. 2943.032, before accepting a plea of guilty, the court must inform the defendant of the possibility and the terms of post-release control.[4] State v.Fleming, Cuyahoga App. No. 87773, 2006-Ohio-6773, ¶ 7. As with the rights associated with Crim. R. 11(C)(2)(a) and (b), the information in R.C. 2943.032 is nonconstitutional in nature and is thus subject to the substantial compliance standard. State v. *Page 9 v. Wright, (Sept. 28, 2000) Cuyahoga App. No. 77748, 2000 WL 1429416 at *1; see also, *Page 10 State v. Conrad, Cuyahoga App. No. 88934, 2007-Ohio-5717, ¶ 8. Substantial compliance, as previously noted, may be shown from a totality of the circumstances that the defendant subjectively understands the implications of his plea and the rights he is waiving.Nero, 56 Ohio St.3d at 108.
 {¶ 34} In this case, the trial court advised appellant that he could be subject to post-release control. The court further advised appellant that should he violate a term of post-release control, or commit a crime during that period he could be sent back to prison for a period of nine months for each violation, subject to a maximum of one-half of the time ordered by the court. Appellant then responded affirmatively that he understood the court's statement. Finally, the written waiver, which was signed by appellant prior to the court's acceptance of his plea, also contained the same notification requirements and language of R.C. 2943.032 the court had previously stated on the record.
 {¶ 35} Because the court's statements mirrored the language required by R.C. 2943.032, and because appellant signed the written waiver, we find based on the totality of the circumstances that the court of common pleas substantially complied with the requirements of R.C. 2943.032. We therefore overrule appellant's third assignment of error.
 {¶ 36} Assignment of Error No. 4:
 {¶ 37} "THE TRIAL COURT ERRED AND THEREBY DEPRIVED THE APPELLANT OF DUE PROCESS OF LAW AS FOLLOWS: (1) THE TRIAL COURT FAILED TO FOLLOW THE MODEL PROCEDURE FOR SEXUAL OFFENDER CLASSIFICATION HEARING SET FORTH INSTATE V. EPPINGER, AND (2) THE PROSECUTION FAILED TO OFFER SUFFICIENT EVIDENCE TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT SHOULD BE DESIGNATED AS A SEXUAL PREDATOR."
 {¶ 38} Appellant's fourth and final assignment of error alleges that the trial court failed to follow the model sexual offender classification procedure outlined in State v. Eppinger, *Page 11 
because the court did not consider the factors set forth in R.C. 2950.09(B)(3), and did not reference a presentence report or other information suggested by the first prong of the Eppinger model.[5]
Appellant also argues that the prosecution did not meet its burden of proof in offering sufficient evidence to support the court's finding that there was clear and convincing evidence to classify him as a sexual predator. We find no merit to appellant's arguments.
 {¶ 39} The procedure for sexual classification hearings is clearly delineated in R.C. 2950.09(B)(2):
 {¶ 40} "The Judge shall conduct [a] hearing prior to sentencing * * * At the hearing, the offender * * * and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. The offender * * * shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender * * *." Eppinger 98 Ohio St.3d at 161, quoting R.C. 2950.09(B)(2).
 {¶ 41} In order to determine whether an offender should be classified as a sexual predator, R.C. 2950.09(B)(3) requires a court to consider all of, but not limited to, the following factors prior to making its decision:
 {¶ 42} "(a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the *Page 12 
the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; [and] (j) Any additional behavioral characteristics that contribute to the offender's conduct." Eppinger at 164, quoting R.C. 2950.09(B)(3).
 {¶ 43} The weight to be given each of the factors listed in R.C. 2950.09(B)(3) is within the trial court's discretion. State v.Miller, Preble App. No. CA06-05-011, 2007-Ohio-784, ¶ 6. "The statute does not require the court to list the criteria, but only to `consider all relevant factors, including' the criteria in R.C. 2950.09(B)[3] in making [its] findings." State v. Cook, 83 Ohio St.3d 404, 426,1998-Ohio-291, quoting R.C. 2950.09(B)(3).
 {¶ 44} Finally, R.C. 2950.09(B)(4) requires the court to review all testimony and evidence presented at the hearing and the factors listed above and determine by clear and convincing evidence whether the offender is a sexual predator. "Clear and convincing evidence is `that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established * * * [it] does not mean clear and unequivocal.'"Miller at ¶ 7, quoting Eppinger at 164.
 {¶ 45} In Eppinger the Supreme Court of Ohio determined that in a model sexual offender classification hearing there were three objectives: (1) that a record be created for *Page 13 
review — "prosecutor[s] and defense counsel should identify portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)[3] and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses;" (2) that an expert be used to assist the court in determining whether the offender is likely to repeat the behavior; and (3) that there be consideration and discussion, on the record, of the factors in R.C. 2950.09(B)(3) by the trial court to determine if recidivism is likely. Eppinger98 Ohio St.3d at 166. The Eppinger court's third objective was not mandatory, merely suggestive, and has been interpreted by this court, and others, to mean a trial court need not actually discuss the factors on the record; instead the court need only have considered them.Miller at ¶ 13-15. Finally we note that the Eppinger court did state, "under certain circumstances, it is possible that one sexually oriented conviction alone can support a sexual predator adjudication."Eppinger at 167.
 {¶ 46} When reviewing a trial court's determination in a sexual offender classification hearing, this court must apply a civil manifest weight of the evidence standard which requires us to leave a lower court's findings "[un]disturbed when the trial court judge's findings are supported by some competent, credible evidence." State v.Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 41.
 {¶ 47} Appellant argues that the trial court failed to satisfy the first and third Eppinger objectives by not creating a record for review and by not demonstrating in the record that the court considered the factors listed in R.C. 2950.09(B)(3).
 {¶ 48} The Eppinger court's first objective suggests that the prosecutor and defense counsel identify those portions of the trial transcript, victim impact statement, and presentence report; as well as reference other aspects of the defendant's criminal and social history which are probative of whether the offender is likely to recidivate. Here there was no trial transcript *Page 14 
because appellant pled guilty before a trial was initiated. There was also no victim impact statement because the victim in this case was in fact an undercover law enforcement officer. The presentence report was referenced briefly by appellant's counsel when he mentioned a person who had, "provided the court with a lot of information on the presentence report." A copy of the forensic evaluation which listed other aspects of appellant's criminal and social history and his propensity to recidivate was also entered into evidence. In addition, both appellant's counsel and the prosecutor made reference to several portions of the forensic evaluation and the recommendations of its author, Dr. Kim Stookey, during the hearing. Finally, the record contains copies of the reports filed in appellant's previous conviction for gross sexual imposition, which detailed his behavior on that occasion. Based on this evidence, a record for review was created, thus satisfying the firstEppinger objective.
 {¶ 49} The Eppinger court's third objective is for the court to consider the factors mandated by R.C. 2950.09(B)(3). As noted, a trial court is not required to discuss any of the factors on the record, instead the factors must only be considered by the court in making its decision. The presentence report contained information about appellant's behavior on other occasions, with regards to other children, which may have had an influence on the court's decision. Also, contained within the forensic evaluation, was a detailed analysis made by the examiner of the ten factors in R.C. 2950.09(B)(3) and their impact with regards to appellant. In addition, both the appellant's attorney and the prosecution made reference to the report and the findings during the actual hearing.
 {¶ 50} R.C. 2950.09(B)(3) notes that its list is not limited to only those factors it enumerates. Here, the record shows the trial court also considered other factors such as whether to classify appellant as merely an offender and allow him to seek treatment as his counsel suggested; the fact that appellant was defensive and in denial about his offenses during the evaluation; prevarications made during the evaluation; the content of the *Page 15 
conversations between appellant and his intended victim; and finally appellant's lack of remorse and prior conviction for gross sexual imposition. While the previous conviction certainly weighed heavily in the court's determination, there is no indication that the court failed to consider other factors in making its decision. Therefore, we find that the trial court satisfied the third Eppinger objective.
 {¶ 51} After satisfying the objectives of Eppinger and allowing both the defense and the prosecution an opportunity to speak, the court made its determination after stating for the record the correct standard required by RC 2950.09(B)(4) and Eppinger: "The court has to be able to * * * find that there is clear and convincing evidence that he is likely to re-offend." After careful review of the record, we find that the trial court complied with the statutory and legal requirements for appellant's sexual predator hearing.
 {¶ 52} Finally, we note that although mentioned in his assignment of error, appellant did not provide any argument or support for his contention that the prosecution failed to offer sufficient evidence from which the court could find the necessary requirements for the clear and convincing evidence necessary to classify appellant as a sexual predator. Our review of the record shows sufficient evidence to support the trial court's adjudication of appellant as a sexual predator. Appellant was previously convicted of a gross sexual imposition against his co-worker; the ten factors required by R.C. 2950.09(B)(3) and detailed in the forensic evaluation indicate he is a moderate risk for reoffending; appellant was defensive and misleading during his evaluation and when confronted with the evidence against him; and appellant's behavior, as detailed in his presentence report, suggests that he has a propensity towards improper conduct with children.
 {¶ 53} Therefore, we find the trial court complied with the statutory requirements of R.C. Chapter 2950.09 and Eppinger's objectives; and the court did not err in classifying appellant as a sexual predator. Thus, appellant's fourth assignment of error is overruled. *Page 16 
 {¶ 54} Judgment affirmed.
WALSH, P.J. and YOUNG, J., concur.
[1] The third count of the indictment was dismissed.
[2] Even where the court has failed to comply with the requirements of Crim. R. 11, the defendant must show the court's error, "so prejudiced the defendant that [he] would not have pled guilty had the error not been made." State v. Whitesell, Butler App. No. CA2005-04-100,2006-Ohio-1781, ¶ 12. The court need not reach the question of prejudice as the requirements of Crim. R. 11 were substantially complied with by the trial court.
[3] The record also shows the trial court complied with the second part of the Crim. R. 11(C)(2)(b) requirement that defendant be notified that following a plea of guilty, the court could proceed with the judgment and sentence when it stated: "[i]f you enter these pleas and I accept them, I would have the authority to proceed immediately with judgment and sentence."
[4] In State ex rel. Bray v. Russell (2000), 89 Ohio St.3d 132, 135,2000-Ohio-116, the Ohio Supreme Court held that R.C. 2967.11, which dealt with a parole board's ability to administratively extend prison terms for offenses committed in prison was unconstitutional. At least one court has suggested that notifying a defendant of the requirements of R.C. 2943.032(A) and (B) has been rendered moot. State v.Fleming, Cuyahoga App. No. 87773, 87773, 2006-Ohio-6773, ¶ 6.
[5] Because R.C. 2950.09 was amended in 2002, the factors referred to in Eppinger as part of (B)(2) were placed in section (B)(3) and the procedure in (B)(1) is now a part of (B)(2). Therefore, any references made to the previous statute will, for the purposes of this writing, be referenced as amended. See, State v. Miller, Preble App. No. CA06-05-011, 2007-Ohio-784 at fn. 3. *Page 1