The STATE of Ohio, Appellee,

v.

WHITE, Appellant.

[Cite as *State v. White*, 155 Ohio App.3d 215, 2003-Ohio-5816.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 82913.

Decided Oct. 30, 2003.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Matthew T. Norman, Assistant Prosecuting Attorney, for appellee.

Patrick S. Lavelle, for appellant.

ANN DYKE, Judge.

{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. Defendant-appellant Frederick White ("appellant") appeals from the judgment of the trial court, which, after accepting the appellant's guilty plea, sentenced him to a term of six months' incarceration for possession of drugs. For the reasons set forth below, we affirm the judgment of the trial court.

{¶ 2} On January 23, 2003, appellant was indicted on one count of possession of drugs in violation of R.C. 2925.11. On April 22, 2003, appellant entered a guilty plea to the indictment. Appellant now appeals, asserting a sole assignment of error for our review:

"The appellant's guilty plea was not knowing and voluntary because the trial court, prior to taking the plea, failed to advise appellant that he was subject to 'bad time' under O.R.C. 2943.032."

{¶ 3} R.C. 2967.11, which outlines the Parole Board's authority to extend a stated prison term for certain violations of prison rules, was held unconstitutional by the Ohio Supreme Court as a violation of the doctrine of the separation of powers. *State ex rel. Bray v. Russell* (2000), 89 Ohio St.3d 132, 729 N.E.2d 359, syllabus. The court determined that the bad-time statute set up a scheme whereby the Parole Board acted as judge, prosecutor, and jury, for an action that could be prosecuted as a felony in a court of law, and that trying, convicting, and sentencing inmates for crimes committed while in prison is not an appropriate exercise of executive power. The Supreme Court further noted that if an offense was serious enough to constitute an additional crime, and the prison authorities did not feel that administrative sanctions were sufficient (i.e., isolation, loss of privileges), the prison authorities should bring additional charges in a court of law. The decision of the Supreme Court to find R.C. 2967.11 unconstitutional,

renders the lack of notification of such provision under R.C. 2943.032(A) and (B) moot.

Judgment affirmed.

MICHAEL J. CORRIGAN, P.J., and PATRICIA ANN BLACKMON, J., concur.