JOURNAL ENTRY AND OPINION
{¶ 1} This is an accelerated appeal pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas, and the briefs of counsel. Appellant, Gaston Reynolds ("Reynolds"), pled guilty to one count of drug trafficking, a felony of the fifth degree, and was later sentenced to a prison term of ten months. Reynolds appeals, contending that his guilty plea was not entered into knowingly and voluntarily because the trial court did not advise him appropriately under R.C. 2943.032. In particular, Reynolds contends that the trial court did not advise him that he was subject to "bad time," making it possible that Reynolds could have his sentence administratively extended by 30, 60, or 90 days if he committed a criminal offense while serving his sentence. Reynolds' contention, however, lacks merit.
 {¶ 2} R.C. 2943.032 provides in whole:
 {¶ 3} "Prior to accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony, the court shall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony and if the court imposes a prison term upon the defendant for the felony, all of the following apply:
 {¶ 4} "(A) The parole board may extend the stated prison term if the defendant commits any criminal offense under the law of this state or the United States while serving the prison term.
 {¶ 5} "(B) Any such extension will be done administratively as part of the defendant's sentence in accordance with section 2967.11 of the Revised Code and may be for thirty, sixty, or ninety days for each violation.
 {¶ 6} "(C) All such extensions of the stated prison term for all violations during the course of the term may not exceed one-half of the term's duration.
 {¶ 7} "(D) The sentence imposed for the felony automatically includes any such extension of the stated prison term by the parole board.
 {¶ 8} "(E) If the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months."
 {¶ 9} Reynolds concedes that the trial court complied with R.C.2943.032(C), (D), and (E) prior to accepting his plea of guilty, but asserts that the trial court failed to inform him of R.C. 2943.032(A) and (B), which is the possibility that his sentence could be extended for 30, 60 or 90 days for committing a criminal offense while serving his sentence. However, the "bad time" statute, R.C. 2967.11, as referenced in R.C. 2943.032(B), violates the doctrine of separation of powers and is unconstitutional. State ex rel. Bray v. Russell (2000), 89 Ohio St.3d 132,136, 729 N.E.2d 359; State v. Coe, Cuyahoga App. No. 79575, 2001-Ohio-4242; State v. Mallet (Nov. 15, 2001), Cuyahoga App. No. 79306 (holding that the decision in Bray renders the lack of notification of such provision moot.) In Bray, the Supreme Court of Ohio held:
 {¶ 10} "Prison discipline is an exercise of executive power and nothing in this opinion should be interpreted to suggest otherwise. However, trying, convicting, and sentencing inmates for crimes committed while in prison is not an exercise of executive power. Accordingly, we hold that R.C. 2967.11 violates the doctrine of separation of powers and is therefore unconstitutional." Id.
 {¶ 11} As held in Mallet, the Supreme Court of Ohio's decision inBray renders Reynolds' appeal moot.
Judgment affirmed.
PATRICIA A. BLACKMON, J., and ANN DYKE, J., CONCUR.