JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Juan Fleming appeals his conviction, after a guilty plea, for attempted robbery. Defendant raises two assignments of error, the first of which asserts:
 I. THE APPELLANT'S GUILTY PLEA WAS NOT A KNOWING AND VOLUNTARY PLEA WHEN THE TRIAL COURT FAILED TO COMPLY WITH CRIM.R. 11 AND R.C. 2943.032. THE GUILTY PLEA MUST BE VACATED AS A VIOLATION OF DUE PROCESS UNDER THE FEDERAL CONSTITUTION.
 {¶ 2} Defendant argues that, because the trial court failed to inform him, pursuant to R.C. 2943.032(A), (B), (D), and (E), of the possibility of additional parole board sanctions and supervision, his plea was not knowingly and voluntarily entered. We disagree.
 {¶ 3} "In resolving whether a criminal defendant knowingly, intelligently, and voluntarily entered a plea, our query is whether the trial court adequately guarded constitutional or non-constitutional rights promised by Crim. R. 11(C). The applicable standard of review depends upon which right or rights the appellant raises on appeal. We require strict compliance if the appellant raises a violation of a constitutional right delineated in Crim. R. 11(C)(2)(c); alternatively, if the appellant raises a violation of a non-constitutional right found in Crim. R. 11(C)(2)(b), we look for substantial compliance." State v.Moviel, Cuyahoga App. No. 86244, 2006-Ohio-697, T|10, citations omitted.
 {¶ 4} As outlined by the Ohio Supreme Court:
 Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. The test is whether the plea would have been made otherwise.
State v. Nero (1990), 56 Ohio St.3d 106, 108.
 {¶ 5} In the present case, although defendant argues that his constitutional rights are implicated by a trial court's failure to comply with R.C. 2943.032, the rights implicated by R.C. 2943.032 are not of a constitutional dimension and fall, instead, within the parameters of Crim. R. 11(C)(2)(b). We therefore review the trial court's advisement to defendant regarding the consequences of his plea for substantial, rather than strict, compliance. State v. Crosswhite, Cuyahoga App. Nos. 86345 and 86346, 2006-Ohio-1081, T|10.
 {¶ 6} The Ohio Supreme Court has ruled that R.C. 2967.11, which outlined a Parole Board's authority to extend a prison term for violations of prison rules, is unconstitutional. State ex rel. Bray v.Russell (2000), 89 Ohio St.3d 132. Accordingly, the requirement that a defendant be notified, pursuant to R.C. 2943.032(A) and (B), of the possibility of bad time sentence enhancement is rendered moot. State v.White (2003), 155 Ohio App.3d 215.
 {¶ 7} The remaining notification requirements outlined in R.C. 2943.032(C), (D) and (E) involve a trial court's duty to advise a defendant of the possibility and the terms of post-release control. "Post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Without an adequate explanation of post-release control from the trial court, [a defendant] could not fully understand the consequences of his plea as required by Criminal Rule 11(C)." State v. Griffin, Cuyahoga App. No. 83724, 2004-Ohio-4344, Tf13, citations omitted.
 {¶ 8} In the present case, it is undisputed that the trial court correctly advised defendant that, at the conclusion of his prison term, he could be subject to up to three years of post-release control. It is likewise undisputed that the court further and accurately advised defendant that a violation of the terms of post-release control could result in an additional prison sentence of up to half of his originally served sentence. Thus, it is clear from the record before us that the trial court was in full compliance with the mandate of R.C. 2943.032
when it specifically addressed the issue of post-release control when advising defendant of the consequences of his guilty plea. State v.Rankin, Cuyahoga App. No. 86706, 2006-Ohio-2571; see also State v.Shorter, Cuyahoga App. No. 86826, 2006-Ohio-2882. Accordingly, defendant's first assignment of error is overruled.
 {¶ 9} We move to defendant's second assignment of error, which states:
 II. THE APPELLANT'S SENTENCE MUST BE VACATED AND A NEW SENTENCING HEARING CONDUCTED PURSUANT TO STATE v. FOSTER, 2006 Ohio 856 [sic].
 {¶ 10} Defendant argues, and the state correctly concedes, that his sentence must be vacated and the case remanded for resentencing pursuant to the Ohio Supreme Court's decision in State v. Foster (2006),109 Ohio St.3d 1. Defendant's second assignment of error is thus sustained.
 {¶ 11} For the foregoing reasons, we affirm defendant's conviction, vacate his sentence, and remand the case for resentencing.
Judgment accordingly.
It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOSEPH J. NAHRA, JUDGE*
* SITTING BY ASSIGNMENT: JOSEPH J. NAHRA, RETIRED, OF THE EIGHTH DISTRICT COURT OF APPEALS.)
FRANK D. CELEBREZZE, JR., P.J., and PATRICIA A. BLACKMON, J., CONCUR