[Cite as *State v. Lockhart*, 2011-Ohio-3381.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95093**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ISAAC LOCKHART

DEFENDANT-APPELLANT

---

**JUDGMENT:
APPLICATION DENIED**

---

Cuyahoga County Common Pleas Court
Case No. CR-353508
Application for Reopening
Motion No. 443541

**RELEASE DATE:** July 5, 2011
**FOR APPELLANT**

Isaac Lockhart, pro se
Inmate No. 355-631
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:   Thorin Freeman
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


COLLEEN CONWAY COONEY, J.:

**{¶ 1}** Isaac Lockhart has filed a timely application for reopening pursuant to App.R. 26(B).  Lockhart is attempting to reopen the appellate judgment in *State v. Lockhart*, Cuyahoga App. No. CA-95093, 2011-Ohio-936, which affirmed the trial court's imposition of consecutive prison terms at a resentencing hearing.   We decline to reopen Lockhart's appeal.

**{¶ 2}**  In order to establish a claim of ineffective assistance of appellate counsel, Lockhart must demonstrate that appellate counsel's performance was deficient and that, but for

his deficient performance, the result of his appeal would have been different. *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456. Specifically, Lockhart must establish that "there is a genuine issue as to whether he was deprived of the assistance of counsel on appeal." App.R. 26(B)(5).

{¶ 3} "In *State v. Reed, * * ** we held that the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d 24, 25, 1998-Ohio-704, 701 N.E.2d 696.

{¶ 4} It is also well settled that appellate counsel is not required to raise and argue assignments of error that are meritless. *Jones v. Barnes* (1983), 463 U.S. 745, 77 L.Ed.2d 987, 103 S.Ct. 3308. Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. *Jones v. Barnes*; *State v. Grimm*, 73 Ohio St.3d 413, 1995-Ohio-24, 653 N.E.2d 253; *State v. Campbell*, 69 Ohio St.3d 38, 1994-Ohio-492, 630 N.E.2d 339.

**{¶ 5}** In *Strickland v. Washington*, the United States Supreme Court also stated that a court's scrutiny of an attorney's work must be deferential. The court further stated that it is too tempting for a defendant/appellant to second-guess his attorney after conviction and appeal and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689. Finally, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments and the importance of winnowing out weaker arguments on appeal and focusing on one central issue or at most a few key issues. *Jones v. Barnes*.

**{¶ 6}** In the case sub judice, Lockhart raises one proposed assignment of error in support of his claim of ineffective assistance of appellate counsel. Specifically, he argues that his appellate counsel was ineffective for failing to assign as error the trial court's failure to advise at resentencing that the parole board could extend the imposed consecutive prison terms for violations of prison rules. Lockhart argues that his sentence was defective since he was not advised of the "bad time" statute as required by R.C. 2929.19(B)(3)(b).

**{¶ 7}** The Ohio Adult Parole Authority possesses no authority, pursuant to R.C. 2967.11 or 2929.19(B)(3)(B), to administratively extend the stated sentence if an offender commits any criminal offense or violation of prison rules while serving a prison term. The "bad time" statutes contained in R.C. 2967.11 and 2929.19(B)(3)(b), have been declared unconstitutional because they violated the separation of powers doctrine. *State ex rel. Bray v. Russell* (2000), 89 Ohio St.3 132, 729 N.E.2d 359; *State v. Wolford*, Cuyahoga App. No. 92607, 2010-Ohio-434; *State v. Fleming*, Cuyahoga App. No. 87773, 2006-Ohio-6773; *State v. Honzu*, Trumbull App. No. 2001-T-0005, 2002-Ohio-1165. Thus, the trial court possessed no duty to advise Lockhart of the effect of "bad time" and appellate counsel was not required to raise the issue on appeal.

**{¶ 8}** Accordingly, we deny Lockhart's application for reopening.

_____
COLLEEN CONWAY COONEY, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, J., CONCUR