[Cite as *State v. Shields*, 2023-Ohio-1971.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111920 |
| v. | : | |
| DWAYNE SHIELDS, JR., | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 15, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-669298-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jasmine Jackson, Assistant Prosecuting Attorney, *for appellee*.

Patrick S. Lavelle, *for appellant*.

LISA B. FORBES, P.J.:

{¶ 1} Appellant Dwayne Shields, Jr. ("Shields") appeals from the trial court's order sentencing him to two years of community-control sanctions. After reviewing the facts of the case and the pertinent law, we affirm.

## I.  Procedural History

{¶ 2}   On July 6, 2022, Shields pleaded guilty to attempted burglary, a third-degree felony in violation of R.C. 2923.02 and 2911.12(A)(2); intimidation of a crime victim or witness, a third-degree felony in violation of R.C. 2921.04(B)(1); and domestic violence, a first-degree misdemeanor in violation of R.C. 2919.25(A).

{¶ 3}   The trial court held a sentencing hearing on August 15, 2022.  At the hearing, the court sentenced Shields to two years of community-control sanctions.  It is from this order that Shields appeals raising the following two assignments of error:

> The appellant's guilty plea was not knowing and voluntary because the trial court, prior to taking the plea, failed to advise appellant that he was subject to "bad time" under O.R.C. 2943.032.

> The lower court erred when it sentenced appellant without complying with 2929.19(B)(3) which required the court to notify appellant that he is subject to the postconviction control provisions of O.R.C. 2967.28.

## II.  Law and Analysis

### A.  Postrelease Control and Guilty Plea

{¶ 4}   In his first assignment of error, Shields argues that his guilty plea was not made knowingly, intelligently, and voluntarily.  We disagree.

{¶ 5}   Pursuant to Crim.R. 11(C)(2), the trial court

"shall not accept a plea of guilty * * * without first addressing the defendant personally * * * and * * *:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶ 6}** The Ohio Supreme Court recently summarized appellate review of compliance with Crim.R. 11(C) as follows:

Properly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 17. "If the plea was not made knowingly, intelligently, and voluntarily, enforcement of that plea is unconstitutional." *Id*. at ¶ 10.

**{¶ 7}** The *Dangler* Court further explained that no demonstration of prejudice is required in two limited circumstances. First, "[w]hen a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Dangler* at ¶ 14. Second, "a trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." *Id*. at ¶ 15.

**{¶ 8}** Shields claims that the trial court "failed to advise [him] that he was subject to 'bad time' under O.R.C. 2943.032" and that "the record of the trial court proceedings is devoid of any refences to the provisions of O.R.C. 2943.032."

**{¶ 9}** R.C. 2943.032 states:

Prior to accepting a guilty plea * * * the court shall inform the defendant personally that, if the defendant pleads guilty * * *to the felony * * * if the court imposes a prison term upon the defendant for the felony, and if the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term of up to nine months, subject to a maximum cumulative prison term for all violations that does not exceed one-half of the definite prison term that is the stated prison term originally imposed upon the offender or, with respect to a non-life felony indefinite prison term, one-half of the minimum prison term included as part of the stated non-life felony indefinite prison term originally imposed on the offender.

**{¶ 10}** Further, postrelease control is one of the required advisements pursuant to Crim.R. 11. "'Post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Without an adequate explanation of post-release control from the trial court, [a defendant] could not fully understand the consequences of his plea as required by Criminal Rule 11(C).'" *State v. Fleming*, 8th Dist. Cuyahoga No. 87773, 2006-Ohio-6773, ¶ 7, quoting *State v. Griffin*, 8th Dist. Cuyahoga No. 83724, 2004 Ohio 4344, ¶ 13.

**{¶ 11}** At the plea hearing, while discussing the maximum penalty Shields faced by pleading guilty, the following colloquy between the court and Shields ensued regarding the possibility and operation of postrelease control:

THE COURT: * * * And if you would ever receive a prison sentence, you would be subject to a mandatory — let's see. No. You would be subject to a discretionary post-release control of not more than 2 years. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: I'm going to tell you what post-release control is in a second, okay?

THE DEFENDANT: I think I've heard of it. That's prison?

THE COURT: Post-release control only applies to you if you get a prison sentence and go to prison, okay? Then when you're coming out the door of prison upon your expiration of your sentence, the Parole Board on that would determine whether or not they wanted to place you on post-release control. It's like probation, but probation is run by the judges. Post-release control is administered by the Adult Parole Authority. Do you understand that portion of it?

THE DEFENDANT: Yeah.

THE COURT: The next portion of it is that here are the rules you have to remember since we're here on post-release control. If you fail to abide by the terms and conditions of your supervision, your post-release control officer could ask for a hearing before the Adult Parole Authority. At the conclusion of that hearing, they could return you to prison for up to one half the sentence that I originally gave you, but never more than 9 months at a time. Do you understand that?

THE DEFENDANT: Yes.

* * *

THE COURT: If you fail to go see your post-release control officer, you could be indicted for the felony crime of escape. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: If you commit escape or any other felony while on post-release control, when that new case is finally adjudicated either after a trial or the plea, at your new sentencing hearing for that new case, the judge that handles that case would have the authority to give you a penalty for violating supervised — post-release control in one of two

ways. They could give you a consecutive 1-year sentence to the new charge, or they could take the unused portion of your supervised release time and convert it to a prison sentence and run that consecutive to your new sentence. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: They don't have to, but they could, is all I'm trying to tell you. Do you understand that?

THE DEFENDANT: Yes.

{¶ 12} Shields acknowledges that during the plea colloquy the trial court "reference[d]" postrelease control, however, he argues that the court failed to advise him "that he faced sanctions for each violation of any condition of post release control and could be sentenced to addition [sic] prison time not to exceed one-half his original sentence." Accordingly, Shields is not arguing that the trial court completely failed to advise him regarding postrelease control. Rather, his argument is that the trial court did not fully comply with advising him regarding postrelease control. Without addressing whether the trial court fully complied with its requirements in advising Shields regarding postrelease control, pursuant to *Dangler*, Shields is required to demonstrate prejudice. On appeal, Shields does not argue prejudice, much less demonstrate it. Therefore, he has not met his burden under *Dangler*.

{¶ 13} In his first assignment of error, Shields also refers to the trial court's failure to reference "Bad Time" under R.C. 2943.032. We note that the Ohio Supreme Court found R.C. 2967.11, known as the "Bad Time" statute, unconstitutional in *State ex rel. Bray v. Russell*, 89 Ohio St.3d 132, 729 N.E.2d 359

(2000). Prior versions of R.C. 2943.032, regarding advisements required related to postrelease control, referenced R.C. 2967.11's imposition of "bad time." The current version of R.C. 2943.032 has no such provision. Further, this court has found that an appeal asserting a challenge to the "bad time" advisement provision of R.C. 2943.032 is rendered moot by the Supreme Court's holding in *Bray*. *See State v. Reynolds*, 8th Dist. Cuyahoga No. 82914, 2003-Ohio-6338, ¶ 11; *State v. White*, 155 Ohio App.3d 215, 2003-Ohio-5816, 800 N.E.2d 84, ¶ 3 (8th Dist.); *Fleming*, 8th Dist. Cuyahoga No. 87773, 2006-Ohio-6773, at ¶ 6.

{¶ 14} Based on the foregoing, Shields's first assignment of error is overruled.

### B. Postrelease Control and Sentencing

{¶ 15} In his second assignment of error, Shields argues that the trial court "did not substantially comply" with R.C. 2929.19(B)(3) requiring the court to notify certain offenders that they are "subject to postconviction control [sic] provisions of O.R.C. 2967.28." We find that the statute cited by Shields is not applicable.

{¶ 16} Our review of felony sentencing is governed by R.C. 2953.08(G)(2), which states:

> The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 17} R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. Additionally,

> if the sentence is within the statutory range for the offense and the trial court considered both the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, the court's imposition of any prison term for a felony conviction is not contrary to law.

*State v. Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, ¶ 7.

{¶ 18} In his second assignment of error, Shields argues that the trial court failed to comply with a version of R.C. 2929.19(B)(3) that was in effect in 1996, quoting it extensively. R.C. 2929.19 has been amended since 1996. The most recent revision, which governed Shields's sentencing, became effective in 2021.

{¶ 19} The current R.C. 2929.19(B)(3) is inapplicable to the case at hand. The statute details the requirements imposed on the trial court when sentencing "a tier III sex offender/child-victim offender * * *." Shields was sentenced for his convictions of attempted burglary, intimidation of a crime victim or witness, and domestic violence. Therefore, the trial court was not required to advise Shields of anything pursuant to R.C. 2929.19(B)(3).

{¶ 20} Further, we find that the current R.C. 2929.19(B)(2)(d) is similar to the section from 1996 quoted by Shields; it is also inapplicable. R.C. 2929.19(B)(2)(d) states:

[I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:

(d) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced, other than to a sentence of life imprisonment, for a felony of the first degree or second degree, for a felony sex offense, or for a felony of the third degree that is an offense of violence and is not a felony sex offense. * * *

{¶ 21} This section refences the court's obligation at sentencing to notify certain criminal defendants that, upon release from prison, they will be subject to postrelease control supervision pursuant to R.C. 2967.28. Here, Shields was not sentenced to a prison term. He was sentenced to two years of community-control sanctions. Therefore, the trial court was not required to notify Shields of anything pursuant to this section. *See State v. Pulley*, 1st Dist. Hamilton No. C-120444, 2013-Ohio-1624, ¶ 6 (finding that the trial court was not required to advise a defendant about postrelease control at sentencing pursuant to R.C. 2929.19(B)(2), when the defendant was sentenced to community-control sanctions).

{¶ 22} Accordingly, Shields's second assignment of error is overruled.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR