[Cite as *State v. Bankston*, 2024-Ohio-3017.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 113513 |
| v. | : | |
| ERROL BANKSTON, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 8, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-680141-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney and Brittany Fletcher, Assistant Prosecuting Attorney, *for appellee.*

Patrick S. Lavelle, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Errol Bankston ("Bankston"), appeals his guilty plea and sentence from four counts of aggravated robbery. He contends that his plea was not entered knowingly, intelligently, or voluntarily because he was not properly

advised of postrelease control ("PRC"), and that the trial court failed to properly advise him of PRC at sentencing. For the reasons set forth below, we affirm.

## I. Facts and Procedural History

{¶ 2} In April 2023, Bankston was charged with six counts of aggravated robbery, and six counts of robbery, with accompanying one- and three-year firearm specifications on all counts. The charges arose from a robbery spree that occurred between March 22nd and April 3rd 2023 at six separate locations in Cleveland and Euclid, Ohio. During each robbery, Bankston would pretend to purchase an item with cash and while the register was open, his codefendant, Xhyair Bennett, would brandish a firearm, point it at the clerk, and demand the money in the register.[1]

{¶ 3} In November 2023, Bankston pled guilty to four counts of aggravated robbery, all felonies of the first degree, as well as one, one-year firearm specification and one, three-year firearm specification. Bankston was sentenced, in December, to four years in prison on the firearm specifications to be served prior to and consecutive with the 3 to 4 ½ years on the underlying charges, for a total of 7 to 8 ½ years in prison. His sentence was run concurrent to his sentence in another criminal case, *State v. Bankston*, Cuyahoga C.P. No. CR-23-684460-B.

{¶ 4} Bankston now appeals, raising two assignments of error for review:

**Assignment of Error I:** The appellant's guilty plea was not knowing and voluntarily because the trial court, prior to taking the plea, failed

---

[1] To date, the codefendant has not filed an appeal.

to properly advise appellant that he was subject to "bad time" under O.R.C. 2943.032.

**Assignment of Error II:** The lower court erred when it sentenced appellant without complying with [R.C.] 2929.19(B)(3) which required the court to notify appellant that he is subject to the postrelease control provisions of O.R.C. 2967.28.

## II. Law and Analysis

### A. Postrelease Control and Guilty Plea

{¶ 5} In his first assignment of error, Bankston argues that his guilty plea was not made knowingly, intelligently, and voluntarily because he was not sufficiently informed of (1) PRC, (2) the sanctions he faced if he violated PRC, and (3) "bad time" under R.C. 2943.032. We find no merit to his argument.

{¶ 6} The Ohio Supreme Court, in *State v. Dangler*, 2020-Ohio-2765, ¶ 17, summarized appellate review of a trial court's compliance with Crim.R. 11(C) as follows: "the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" If the plea was not made knowingly, intelligently, and voluntarily, enforcement of that plea is unconstitutional. *Id.* at ¶ 10.

{¶ 7} The *Dangler* Court further explained that no demonstration of prejudice is required in two limited circumstances. First, "[w]hen a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and

no showing of prejudice is required." *Dangler* at ¶ 14.  Second, "a trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." *Id.* at ¶ 15.

{¶ 8}  Here, Bankston complains the record is devoid of any references to the provisions of R.C. 2943.032, or the sanctions he faced if he violated PRC.

{¶ 9}  R.C. 2943.032 states:

> Prior to accepting a guilty plea * * * the court shall inform the defendant personally that, if the defendant pleads guilty * * *to the felony * * * if the court imposes a prison term upon the defendant for the felony, and if the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term of up to nine months, subject to a maximum cumulative prison term for all violations that does not exceed one-half of the definite prison term that is the stated prison term originally imposed upon the offender or, with respect to a non-life felony indefinite prison term, one-half of the minimum prison term included as part of the stated non-life felony indefinite prison term originally imposed on the offender.

{¶ 10} PRC is one of the required advisements pursuant to Crim.R. 11, because it constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed.  *State v. Shields*, 2023-Ohio-1971, ¶ 4-11 (8th Dist.), citing *State v. Fleming*, 2006-Ohio-6773, ¶ 7 (8th Dist.).  Without an adequate explanation of PRC from the trial court, a defendant cannot fully understand the consequences of his plea as required by Crim.R. 11(C).  *Id.*

{¶ 11} At the plea hearing in this case, while discussing the maximum penalty Bankston faced by pleading guilty, the following colloquy between the court and Bankston ensued:

THE COURT: Upon your release from prison, . . . you will be placed on post release control for a mandatory minimum of two years, and up to a maximum of five years. Post release control, PRC, is commonly called parole, but we call it post release control in the State system. When you're placed on post release control if you violate the Adult Parole Authority may send you back to prison for up to half the original sentence imposed. If you're convicted of a new felony while on post release control in addition to being punished for the new offense the judge may add an additional consecutive prison term of one year or whatever time remains on your post release control term, whichever is greater.

While on post release control if you fail to report to your parole officer you may be charged with another felony, which is called escape.

Do you have any questions about your rights, the charges, the penalties, or anything that we've gone over here today[?] . . .

THE COURT: Mr. Bankston?

DEFENDANT BANKSTON: No, Your Honor.

(Tr. 26-27.)

{¶ 12} Bankston acknowledges that during the plea colloquy the trial court referenced PRC; however, he argues that the court failed to advise him that he faced sanctions for each violation of PRC and could be sentenced to additional prison time not to exceed one-half his original sentence. Bankston is not arguing that the trial court completely failed to advise him regarding PRC. Rather, he argues that the trial court did not fully comply with Crim.R. 11(C) when it advised Bankston about PRC. Accordingly, pursuant to *Dangler*, Bankston is required to demonstrate prejudice. On appeal, Bankston does not argue prejudice, much less demonstrate it. Therefore,

he has not met his burden under *Dangler*.[2]  Nevertheless, a review of the record clearly indicates that Bankston was in fact advised of the sanctions he faced if he violated PRC; thus, his argument is unpersuasive.

{¶ 13} Bankston also complains about the trial court's failure to explain "Bad Time" under R.C. 2943.032.  However, this court has found that an appeal asserting a challenge to the "bad time" advisement provision of R.C. 2943.032 is rendered moot by the Supreme Court's holding in *State ex rel. Bray v. Russell*, 2000-Ohio-116, 2000-Ohio-117, 2000-Ohio-119 (finding R.C. 2967.11, known as the "Bad Time" statute, unconstitutional, as referenced in prior versions of R.C. 2943.032). *Shields*, 2023-Ohio-1971, ¶ 4-11, (8th Dist.).[3]  Therefore, Bankston's argument is moot.

{¶ 14} Accordingly, Bankston's first assignment of error is overruled.

## B. Postrelease Control and Sentencing

{¶ 15} In Bankston's second assignment of error, he argues that the trial court did not substantially comply with the requirements of R.C. 2929.19(B), at sentencing, when advising him on PRC under R.C. 2967.28(B).  Again, we find Bankston's argument unpersuasive.

---

[2] We note that Bankston alleges that his plea was "tainted" because he was "unduly influenced by a false representation that his sentence would be run concurrently" with his sentence in his other criminal case, implying that his sentence was not; however, the record clearly reflects that his sentence was run concurrent to his sentence in CR-23-684460-B.  See *Bankston*, Cuyahoga C.P. No. CR-23-680141-B (Dec. 15, 2023).

[3] *See State v. Reynolds*, 2003-Ohio-6338, ¶ 11 (8th Dist.); *State v. White*, 2003-Ohio-5816, ¶ 3 (8th Dist.); *Fleming*, 2006-Ohio-6773, at ¶ 6 (8th Dist.)

{¶ 16} Under R.C. 2953.08(G)(2), an appellate court may increase, reduce or otherwise modify a sentence or vacate a sentence and remand for resentencing if it "clearly and convincingly" finds that (1) the record does not support the sentencing court's findings or (2) the sentence is "otherwise contrary to law." *State v. Kirby*, 2024-Ohio-1985, ¶ 5 (8th Dist.).

{¶ 17} According to R.C. 2929.19(B)(2)(d), "if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall . . . [n]otify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced, other than to a sentence of life imprisonment, for a felony of the first degree or second degree[.]"

{¶ 18} In *State v. Bates*, 2022-Ohio-475, ¶ 10, the Ohio Supreme Court explained that R.C. 2967.28(B) requires that prison sentences for certain felonies include a mandatory term of PRC to be imposed by the parole board after the offender is released from prison. The Court stated that "[a]t the sentencing hearing, the court must notify the offender of this mandatory supervision under R.C. 2967.28(B). Former R.C. 2929.19(B)(3)(c). The court also must notify the offender at the sentencing hearing that if he or she 'violates that supervision or a condition of post-release control * * *, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender.' Former R.C. 2929.19(B)(3)(e)."

{¶ 19} At the sentencing hearing in this case, the trial court advised Bankston as follows:

> Also, I will advise you of post-release control at this time. Upon your release from prison, the parole board will monitor you for a mandatory minimum of two years and up to a maximum of five years. PRC. When you're placed on PRC, if you violate, the Adult Parole Authority may send you back to prison for up to half the original sentence imposed.
>
> If you're convicted of a new felony while you're on PRC, in addition to being punished for the new offense, the Judge may add an additional consecutive prison term of one year or whatever time remains on your post-release control term; whichever is greater. While on post-release control, if you fail to report to your parole officer, you may be charged with another felony which is called escape.

(Tr. 36-37.)

{¶ 20} Here, the record clearly reflects that Bankston was advised that after his release from prison he would be placed on PRC for a mandatory minimum of two years, and up to a maximum of five years. He was also advised that if he violated PRC, he could be sent back to prison, by the parole board, for up to one-half the original sentence imposed.

{¶ 21} Accordingly, Bankston's second assignment of error is overruled.

## III. Conclusion

{¶ 22} We find that Bankston's plea was knowingly, intelligently, and voluntarily entered and the trial court properly advised Bankston's of the sanctions he faced if he violated PRC at both the plea and sentencing hearing.

{¶ 23} Accordingly, the judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The appellant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, P.J., and
LISA B. FORBES, J., CONCUR