[Cite as *State v. Pruitt*, 2025-Ohio-1557.]

**COURT OF APPEALS OF OHIO**

**EIGHT APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                  :

    Plaintiff-Appellee,                     :

                                  No. 114417

    v.                                              :

DENVER PRUITT,                                  :

    Defendant-Appellant.                    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 1, 2025

---

Criminal Appeal from the Cuyahoga County Common Pleas Court
Case No. CR-24-693239-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Christopher Woodworth, Assistant Prosecuting Attorney, *for appellee.*

Patrick S. Lavelle, *for appellant.*

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Denver Pruitt ("Pruitt") appeals his convictions and sentence and asks this court to reverse the trial court's finding of guilt and his sentence. We affirm.

{¶2} On July 4, 2024, Pruitt was charged with one count of felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(2); one count of improper discharging of a firearm at or into a habitation or school, a second-degree felony, in violation of R.C. 2923.161(A)(1); one count of discharging a firearm at or near a prohibited premises, a third-degree felony, in violation of R.C. 2923.162(A)(3); one count of carrying a concealed weapon, a fourth-degree weapon, in violation R.C. 2923.12(A)(2). One- and three-year firearm specifications were attached to the felonious-assault charge.

{¶3} On September 3, 2024, after plea negotiations with the State, Pruitt entered a guilty plea to an amended indictment. Pruitt pleaded guilty to one count of felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(2), with a one-year firearm specification. He also pleaded guilty to discharging a firearm on or near prohibited premises, a third-degree felony, in violation of R.C. 2923.162(A)(3). The remaining charges were dismissed by the State.

{¶4} On October 7, 2024, the trial court vacated Pruitt's sentence due to a clerical error on the September 30, 2024 sentencing entry. The trial court sentenced Pruitt to seven years' imprisonment, which included a mandatory one-year imprisonment sentence on the firearm specification to be served consecutively to six years' imprisonment on the felony. Additionally, the trial court imposed a possible additional sentence, in accordance with the Reagan Tokes Act, where the department of rehabilitation and correction may make determinations

and maintain Pruitt's incarceration under R.C. 2967.271, which would add up to three additional years of incarceration onto Pruitt's sentence.

## I.    Facts and Procedural History

### A.    Plea Hearing

{¶5} On September 3, 2024, Pruitt pleaded guilty to amended indictment. At the plea hearing, the trial court stated:

> Before I can take guilty pleas from you, I need to give you information and get information from you with the aim of making sure that, if you do plead guilty this afternoon, your pleas are intelligently, you know what you're admitting to and the possible sentences, voluntary, meaning you're agreeing to this and you are not being forced or pressured against your better judgment.

Tr. 7.

{¶6} The trial court continued and advised Pruitt of his constitutional and nonconstitutional rights.  Tr. 10-12.  Pruitt indicated to the trial court that he understood his rights as explained by the trial court.  The trial court then explained the charges against Pruitt.  Tr. 12-13.  Next, the trial court explained the possible sentences in relation to each charge and the maximum possible sentence that Pruitt could receive.  Tr. 13-15.  Again, Pruitt indicated to the trial court that he understood.  *Id.*

{¶7} The trial court then stated:

> Now for any sentence, when you get out of prison, you will have to serve a period of post-release control for a mandatory minimum of 18 months, up to a maximum of three years. Post-release control is abbreviated as PRC.  PRC is a lot like parole, in case that is a word that you are familiar with, and PRC has similarities with probation as well.

But what it means is that for that period of time, a year and a half, up to three years, upon your release, you would have to report to and be supervised by a parole officer. During that period of time, a parole officer would place conditions and restrictions on your conduct.

And if you were to violate those conditions, then the parole officer would have the authority to return you to prison without bringing you to court for a maximum of one half of your original sentence, depending on the number of violations you commit and what they are.

I also want you to know that if during the period of post-release control, you fail to report to a parole officer as obligated, then the prosecutor could charge you with a felony known as escape, where, if you were convicted, you would face additional prison time.

And then the last thing I want you to know about PRC is that, if the time were to come when you have finished a prison term in this case and then you're on post-release control, and then at that point you commit a new felony, if that were to occur, then when you are sentenced for the new felony, you could get an extra prison term as punishment for violating PRC that is equal to the greater of one year or the number of years left on post-release control.

Tr. 15-17.

{¶8} Pruitt indicated to the trial court that he understood PRC, and the trial court continued, explaining Reagan Tokes Law and its application to Pruitt's sentence. The trial court stated:

There is one more thing I want to tell you about the possible maximum term here.

Count one is a qualifying felony of the second degree under a law called the Reagan Tokes Law.

This law was named after a young woman who was — if I can recall correctly — murdered by somebody who just got out of prison. But that's the background, that's just the name of the law.

The reason I want to tell you about this law is that is permits the Ohio Department of Rehabilitation and Corrections, which runs the prison, to extend whatever prison term I impose by up to 50 percent. So just let me give you an example.

Mr. Pruitt, first of all, you haven't pleaded guilty yet. Second, assuming you do, I have no idea what your sentence is going to be. I'm not trying to preview your sentence here. I want to make sure you understand the law. So the point is, I want to give you a couple examples.

Let's say that on the felony two, the felonious assault, I impose the minimum two years of prison on the felony itself, after the one year, remember on the spec.

If I did that, then the DRC would have the ability to extend the term I impose by up to one year, which is 50 percent of two, depending on your conduct while in prison, your rehabilitation, if any, your security classification, and other considerations.

Let me go on the higher end with a different example. Let's say I impose the maximum of eight years, then the DRC can extend that by four because four is 50 percent of eight, and you can do the same calculation for any number between two and eight.

The point is, the DRC would be able to extend the term that I impose, not including the firearm spec, but up to that amount. Do you understand that?

Tr. 17-19.

{¶9} Pruitt indicated that he understood how the Reagan Tokes Law would apply to his sentence. Next the trial court stated: "By the way, this law — the possibility of extending your prison term — does not apply to the felony three." Tr. 19.

**B.     Sentence Hearing**

**{¶10}** On September 30, 2024, the trial court sentenced Pruitt. At the

sentencing hearing, the trial court stated:

> In addition, I am considering the sentencing laws of Chapter 2929 of
> the Ohio Revised Code.
>
> Initially, upon consideration of those things, I do find that these two
> counts one and three, are not allied offenses of similar import. And on
> count three, discharge over a prohibited premises, I will ask you to
> serve 18 months at the LCI.  On count one, the felonious assault, on the
> firearm specification itself, you are ordered to serve one year prior and
> consecutively to six years on the felony itself, so one plus six is seven.
> And I will ask that the count three be served concurrently with that
> seven years.
>
> . . .
>
> Now, the other thing I want you to know about this sentence on count
> two [sic] for the six years. Six years is what we refer to as the minimum
> sentence. And this is separate, again, from the one-year firearm
> specification.
>
> So it is presumed that you will be released from prison at the expiration
> of the six years on the felony itself. I should say rebuttably [sic]
> presumed. However, the Department of Rehabilitation and
> Corrections, the DRC, which runs the prison, may rebut that
> presumption, if a hearing held, pursuant to Revised Code 2967.121, the
> DRC makes specified determinations regarding your conduct while
> confined, your rehabilitation, your threat to society, your restrictive
> housing, if any, while confined, as well as your security classification.
> If the DRC at the hearing makes a specified determination and rebuts
> the presumption that you should be released at the end of the six years
> on the felony itself, then the DRC may maintain your incarceration,
> which is to say keep you in prison, for the amount of time it determines
> to be reasonable, subject to a 50 percent limitation. And in this case, 50
> percent of six years is three years.

So, if you are not released upon the expiration of the maximum nine years for count one itself, remember, that's separate from the firearm spec, then you must be released at that point.

So, in other words, your minimum sentence on the felony is six years; your maximum is nine years. And then, plus the one, meaning in the scheme of things, you can be held for a net total of ten years if those determinations are made at the hearing that I just talked about.

Post-release control is part of this sentence. So when you are released, you will have to serve a mandatory 18 months up to three years of PRC.

This means that during that period of time you will have to report to and be supervised by a parole office. The parole officer will place conditions and restrictions on your conduct. If you violate those conditions, then the parole officer has the ability to return you to prison without bringing you to court, for a maximum of three years depending on how many violations you commit and what they are.

Also, during the period of PRC, if you should fail to report to the parole officer as ordered, then the prosecutor can charge you with a felony called escape where, if convicted, you face additional prison time.

The last thing I want to say about post-release control, if the time were to come when you are done with this prison term and you're on PRC, and that point you commit a new felony, then when you are sentenced for the new felony, you may get an extra prison term for a PRC sanction that is equal to the greater of one years or the time remaining on post-release control.

Tr. 44-45, 46-49.

**{¶11}** Pruitt filed an appeal and assigned two errors for our review:

1. The appellant's guilty plea was not knowing and voluntary because the trial court, prior to taking the plea, failed to advise appellant that he was subject to "bad time" under R.C. 2943.032; and

2. The lower court erred when it sentenced appellant without complying with R.C. 2929.19(B)(3), which required the court to

notify appellant that he is subject to the post-convictions control provisions of R.C. 2967.28.

## II. Failure to Advise Under R.C. 2943.032

**{¶12}** In Pruitt's first assignment of error, he argues that the trial court failed to advise him he was subject to "bad time" under R.C. 2943.032(A), which states:

> Prior to accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony, the court shall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony, if the court imposes a prison term upon the defendant for the felony, and if the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term of up to nine months, subject to a maximum cumulative prison term for all violations that does not exceed one-half of the definite prison term that is the stated prison term originally imposed upon the offender or, with respect to a non-life felony indefinite prison term, one-half of the minimum prison term included as part of the stated non-life felony indefinite prison term originally imposed on the offender.

*Id.*

**{¶13}** R.C. 2943.032(A) requires the trial court to "inform the defendant personally" of the penalties that could be imposed if the defendant violates the conditions of their postrelease control sanction. "[Postrelease control] is one of the required advisements pursuant to Crim.R. 11, because it constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed." *State v. Bankston*, 2024-Ohio-3017, ¶ 10 (8th Dist.), citing *State v. Shields*, 2023-Ohio-1971, ¶ 4-11 (8th Dist.), citing *State v. Fleming*, 2006-Ohio-

6773, ¶ 7 (8th Dist.). "Without an adequate explanation of [postrelease control] from the trial court, a defendant cannot fully understand the consequences of his plea as required by Crim.R. 11(C)." *Id.*

{¶14} At the plea hearing, the trial court stated:

Now for any sentence, when you get out of prison, you will have to serve a period of post-release control for a mandatory minimum of 18 months, up to a maximum of three years. Post-release control is abbreviated as PRC. PRC is a lot like parole, in case that is a word that you are familiar with, and PRC has similarities with probation as well.

But what it means is that for that period of time, a year and a half, up to three years, upon your release, you would have to report to and be supervised by a parole officer. During that period of time, a parole officer would place conditions and restrictions on your conduct.

And if you were to violate those conditions, then the parole officer would have the authority to return you to prison without bringing you to court for a maximum of one half of your original sentence, depending on the number of violations you commit and what they are.

I also want you to know that if during the period of post-release control you fail to report to a parole officer as obligated, then the prosecutor could charge you with a felony known as escape, where, if you were convicted, you would face additional prison time.

And then the last thing I want you to know about PRC is that, if the time were to come when you have finished a prison term in this case and then you're on post-release control, and then at that point you commit a new felony, if that were to occur, then when you are sentenced for the new felony, you could get an extra prison term as punishment for violating PRC that is equal to the greater of one year or the number of years left on post-release control.

Tr. 15-17.

{¶15} The record reflects that the trial court personally informed Pruitt about the possible penalties that could be imposed upon him if he violates his

postrelease-control sanctions. However, Pruitt contends that because he did not enter a written plea arrangement where he was informed in writing about the provisions of R.C. 2943.032(A), his plea is invalid.

{¶16} Pruitt's argument is unpersuasive. Pruitt fails to cite any law that states the requirements of a written plea agreement. Additionally, Pruitt fails to demonstrate that his pleas were not made knowingly, intelligently, and voluntarily in accordance with Crim.R. 11. "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas." *State v. Dangler*, 2020-Ohio-2765, ¶ 11. "We have explained that the rule 'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" *Id.*, quoting *State v. Stone*, 43 Ohio St.2d 163, 168 (1975); *see also State v. Nero*, 56 Ohio St.3d 106, 107 (1990).

{¶17} "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *Id.* at ¶ 13. *See State v. Perry*, 2004-Ohio-297, ¶ 14-15; Crim.R. 52.

{¶18} "We have made a limited exception to the prejudice component of that rule in the criminal-plea context." *Id.* at ¶ 14. "When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and

no showing of prejudice is required." *Id.*, citing *State v. Clark*, 2008-Ohio-3748, ¶ 31; *State v. Veney*, 2008-Ohio-5200, at syllabus. These constitutional rights are those set forth in Crim.R. 11(C)(2)(c): "the right to a jury trial, the right to confront one's accusers, the privilege against self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the state to prove guilt beyond a reasonable doubt." *Id.*, citing *Veney* at ¶ 19. "But when a trial court fails to fully cover other 'nonconstitutional' aspects of the plea colloquy, a defendant must affirmatively show prejudice to invalidate a plea. *Id.*, citing *id.* at ¶ 17.

{¶19} "We have created one additional exception to the prejudice requirement: a trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice. *Id.* at ¶ 15, citing *State v. Sarkozy*, 2008-Ohio-509, ¶ 22. "In *Sarkozy*, we held that the trial court had completely failed to comply with Crim.R. 11(C)(2)(a)'s requirement that it explain the maximum penalty when the court made no mention of postrelease control in the plea colloquy. . . ." *Id.*, citing *id.*

{¶20} "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.*, quoting *id.*

**{¶21}** In our instance case, the trial court fully complied with Crim.R. 11(C)(2). Pruitt does not argue that the trial court erred in failing to comply with Crim.R. 11. Thus, Pruitt's pleas were made knowingly, intelligently, and voluntarily, because neither he nor the record demonstrates that the trial court failed to advise him of any of his rights.

**{¶22}** Further, Pruitt's argument that the trial court failed to advise him he was subject to "bad time" under R.C. 2943.032(A) is rendered moot. "[T]his court has found that an appeal asserting a challenge to the 'bad time' advisement provision of R.C. 2943.032 is rendered moot by the Supreme Court's holding in *State ex rel. Bray v. Russell*, 2000-Ohio-116, 2000-Ohio-117, and 2000-Ohio-119, (finding R.C. 2967.11, known as the 'Bad Time' statute, unconstitutional, as referenced in prior versions of R.C. 2943.032)." *Bankston*, 2024-Ohio-3017, ¶ 13 (8th Dist.), citing *Shields*, 2023-Ohio-1971, ¶ 4-11 (8th Dist.).

**{¶23}** We find that Pruitt's pleas were made knowingly, intelligently, and voluntarily. Therefore, Pruitt's first assignment of error is overruled.

### III. Failure to Comply with R.C. 2929.19(B)(3)

**{¶24}** In Pruitt's second assignment of error, he argues that the trial court erred when it sentenced him because it did not comply with R.C. 2929.19(B)(3), that required the trial court to notify Pruitt that he was subject to postconviction-control provisions of R.C. 2967.28.

**{¶25}** R.C. 2929.19(B)(3) states:

The court shall include in the offender's sentence a statement that the offender is a tier III sex offender/child-victim offender, and the court shall comply with the requirements of section 2950.03 of the Revised Code if any of the following apply:

(i) The offender is being sentenced for a violent sex offense or designated homicide, assault, or kidnapping offense that the offender committed on or after January 1, 1997, and the offender is adjudicated a sexually violent predator in relation to that offense.

(ii) The offender is being sentenced for a sexually oriented offense that the offender committed on or after January 1, 1997, and the offender is a tier III sex offender/child-victim offender relative to that offense.

(iii) The offender is being sentenced on or after July 31, 2003, for a child-victim oriented offense, and the offender is a tier III sex offender/child-victim offender relative to that offense.

(iv) The offender is being sentenced under section 2971.03 of the Revised Code for a violation of division (A)(1)(b) of section 2907.02 of the Revised Code committed on or after January 2, 2007.

(v) The offender is sentenced to a term of life without parole under division (B) of section 2907.02 of the Revised Code.

(vi) The offender is being sentenced for attempted rape committed on or after January 2, 2007, and a specification of the type described in section 2941.1418, 2941.1419, or 2941.1420 of the Revised Code.

(vii) The offender is being sentenced under division (B)(3)(a), (b), (c), or (d) of section 2971.03 of the Revised Code for an offense described in those divisions committed on or after January 1, 2008.

**{¶26}** In Pruitt's brief, he states "[i]n the instant case, the record clearly reveals that the lower court made reference to post-release control obligations, but

did not substantially comply with the requirements of Ohio Law and Ohio Revised Code 2929.19(B)." Pruitt's argument is not well taken. He was not sentenced for a violent sex offense or designated homicide, assault, or kidnapping offense or any of the offenses listed in this section. Thus, R.C. 2929.19(B)(3) does not apply to Pruitt's case. Pruitt also cites inapplicable case law to support his argument, stating that this court has held "that the failure of the lower court to substantially comply with R.C. 2929.19(B) constitutes reversible error requiring reversal." *State v. Akins*, 1999 Ohio App. LEXIS 2564 (8th Dist. June 3, 1999). However, in *Akins* the defendant was charged with kidnapping, where R.C. 2929.19(B)(3) does apply, but not in our instant case.

**{¶27}** Pruitt also did not file an amended or reply brief in this case to correct the error. If Pruitt is contending that the trial court failed to advise him of postrelease-control sanctions at the sentencing hearing, his contentions are not well taken. At the sentencing hearing, the trial court stated:

> So it is presumed that you will be released from prison at the expiration of the six years on the felony itself. I should say rebuttably [sic] presumed. However, the Department of Rehabilitation and Corrections, the DRC, which runs the prison, may rebut that presumption, if a hearing held, pursuant to Revised Code 2967.121, the DRC makes specified determinations regarding your conduct while confined, your rehabilitation, your threat to society, your restrictive housing, if any, while confined, as well as your security classification. If the DRC at the hearing makes a specified determination and rebuts the presumption that you should be released at the end of the six years on the felony itself, then the DRC may maintain your incarceration, which is to say keep you in prison, for the amount of time it determines to be reasonable, subject to a 50

percent limitation. And in this case, 50 percent of six years is three years.

So, if you are not released upon the expiration of the maximum nine years for count one itself, remember, that's separate from the firearm spec, then you must be released at that point.

So, in other words, your minimum sentence on the felony is six years; your maximum is nine years. And then, plus the one, meaning in the scheme of things, you can be held for a net total of ten years if those determinations are made at the hearing that I just talked about.

Post-release control is part of this sentence. So when you are released, you will have to serve a mandatory 18 months up to three years of PRC.

This means that during that period of time you will have to report to and be supervised by a parole office. The parole officer will place conditions and restrictions on your conduct. If you violate those conditions, then the parole officer has the ability to return you to prison without bringing you to court, for a maximum of three years depending on how many violations you commit and what they are. Also, during the period of PRC, if you should fail to report to the parole officer as ordered, then the prosecutor can charge you with a felony called escape where, if convicted, you face additional prison time.

The last thing I want to say about post-release control, if the time were to come when you are done with this prison term and you're on PRC, and that point you commit a new felony, then when you are sentenced for the new felony, you may get an extra prison term for a PRC sanction that is equal to the greater of one years or the time remaining on post-release control.

Tr. 46-49.

{¶28} The record clearly shows that the trial court complied and made the required pronouncements at sentencing. Therefore, we find that the trial court did not err when it sentenced Pruitt because it complied with R.C. 2929.19(B)(3), by

notifying Pruitt that he was subject to the postconviction-control provisions under R.C. 2967.28.

{¶29} Therefore, Pruitt's second assignment of error is overruled.

{¶30} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY J. BOYLE, P.J., and
MICHAEL JOHN RYAN, J., CONCUR